<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FERNANDO CAJAMARCA, | : | |
| | : | Civil Action No. 16-2393 (JMV) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| CHARLES GREEN, | : | |
| Respondent. | : | |

APPEARANCES:

Fernando Cajamarca
Essex County Correctional Facility
354 Doremus Avenue
Newark, N.J. 07105
    Petitioner, *pro se*

Christina Parascandola, Esq.
Office of Immigration Litigation
District Court Section
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
    on behalf of Respondent.

**VAZQUEZ**, United States District Judge

On April 28, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged detention by U.S. Immigration and Customs Enforcement ("ICE"). On September 15, 2016, Respondent filed a response to the petition, asserting that Petitioner was given a bond hearing, the only habeas relief available to him, and

therefore, his petition should be dismissed as moot. (ECF No. 7.) In reply, Petitioner filed an exhibit in support of his petition. (ECF No. 8.) The exhibit consists of Petitioner's October 4, 2016 letter to the U.S. Department of Justice, with four attachments. (*Id.*) In this letter, Petitioner seeks to prove he is not guilty of the murder he is accused of in Ecuador. (*Id.*) This matter is now ready for disposition.

## I.     BACKGROUND

In his petition for habeas corpus relief, Petitioner alleges he has been detained without bond by the Department of Homeland Security since September 28, 2015. (ECF No. 1 at 2.) Petitioner asserts he is being held in mandatory detention pursuant to 8 U.S.C. § 1226(c). (*Id.* at 3.) He claims a due process right to a bond hearing because his continued mandatory detention exceeds six months. (*Id.* at 3-5.)

Respondent contends that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under § 1226(c). (ECF No. 7 at 1.) Respondent states that Petitioner is a native of Ecuador who was convicted in an Ecuadorian Court, in May 2011, of criminal sexual contact with an eight-year-old. (*Id.*; Ex. A.) After the National Court of Justice of Ecuador dismissed his appeal, Petitioner fled the country and entered the United States without inspection. (*Id.*; Ex. B.) On April 23, 2013, an Ecuadorian court issued a warrant for Petitioner's arrest. (*Id.*; Ex. A at 11-16, 23.)

Approximately one year later, the National Police of Ecuador issued warrants for Petitioner's telephonic and other records in connection with the murder of a ten-year-old child. (*Id.*; Ex. A at 11-16, 24-28.) Petitioner was detained by ICE on September 28, 2015, in response to a January 9, 2015 Red Notice issued by Interpol, calling for Petitioner's arrest in connection with his sexual assault conviction in Ecuador. (*Id.*; Ex. A at 3-10.) Petitioner was charged with

removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who entered without inspection. (*Id.*; Ex. B.)

On November 4, 2015, Petitioner appeared before an Immigration Judge ("IJ") for a custody redetermination. (*Id.* at 2; Ex. B at 1.)  At the request of Petitioner's counsel, the IJ took no action. (*Id.*)  Upon his custody redetermination before an IJ on February 10, 2016, Petitioner was denied release on bond. (*Id.*; Ex. B at 2.)  Petitioner appealed, and the Board of Immigration Appeals dismissed his appeal on May 27, 2016. (*Id.*; Ex. C.)  On September 8, 2016, an IJ ordered Petitioner's removal to Ecuador. (*Id.*, Ex. D.)

## II.   DISCUSSION

Petitioner relies on *Chavez-Alvarez v. Warden of York County Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) in support of his argument that his prolonged detention without a bond hearing violates due process. Respondent contends *Chavez-Alvarez* is inapposite because it concerns whether and under what circumstances an alien detained under 8 U.S.C. § 1226(c), mandatory detention, is entitled to a bond hearing. Petitioner is detained under 8 U.S.C. § 1226(a), and he has received a bond hearing.

8 U.S.C. § 1226 requires mandatory detention of certain criminal aliens. *Demore v. Kim*, 538 U.S. 510, 513 (2003).  In *Diop*, the Third Circuit held that 8 U.S.C. § 1226(c), "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." 656 F.3d at 231.  In *Chavez-Alvarez*, the Third Circuit held that it violated a petitioner's right to due process to detain him pursuant to § 1226(c) for one year without a bond hearing. 783 F.3d at 478.

Respondent has shown that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 7-2, Ex. B.)  Detention under § 1226(a) is discretionary; an alien may be released on bond. *See Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009) (an alien detained under section 1226(a) may be released by demonstrating he does not pose a danger to property and persons, and that he is likely to appear for any future proceedings; the alien may request a bond redetermination hearing before an IJ, and may appeal the bond decision to the Board of Immigration Appeals).  Respondent has also shown that Petitioner was provided a bond redetermination on February 20, 2016, and his appeal of the decision denying bond was denied on May 27, 2016. (ECF No. 7-3, Ex. C.) Therefore, Petitioner has received all of the habeas relief available. *See Mendoza v. Green*, Civ. Action No. 16-1447 (JLL), 2016 WL 4208439, *2  (D.N.J. Aug. 8, 2016)  (citing *Chavez-Alvarez*, 783 F.3d at 474-76; *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 6, 2016).

A habeas petition is moot when the injury alleged can no longer be redressed by a favorable judicial decision. *See Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009) (dismissing habeas petition where "[t]he injury alleged, unreasonably long pre-final removal order detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision.")  Petitioner's assertion that he is not guilty of the murder he is suspected of in Ecuador because he was in the United States at the time (see ECF No. 8) is immaterial to the question of whether petitioner's prolonged pre-final removal order detention violated his right to due process.

### III.   CONCLUSION

For the reasons discussed above, the Court will dismiss Petitioner's habeas petition under 28 U.S.C. § 2241 because the petition is moot.

An appropriate order follows.

Date: October 25, 2016  
At Newark, New Jersey

s/ John Michael Vazquez  
JOHN MICHAEL VAZQUEZ  
United States District Judge